# EXHIBIT 8

| From: | Mike Wall |
|---|---|
| Sent: | Tuesday, February 4, 2014 6:54 PM |
| To: | 'John P. DeRose' |
| Cc: | 'Jason A. Guisinger'; 'Convery, Jim'; 'Michael Condon'; Alan Madans |
| Subject: | RE: McGreal |

John,
Jason's email below did not mention McCarthy's name in connection with the Rule 11 sanctions. It is, therefore, appropriate that I address you on that subject.

It is evident that you are continuing to refuse to take a serious and considered view of the merits of your client's case and you have been blinded by what he is telling you. For instance, your comment that he was a "highly decorated" officer is quite telling. If you gave a sober review the record, particularly the record of the arbitration proceedings you would know the true merits of the claims that you continue to assert over your name. Given the above, I must advise you that I shall be seeking all available sanctions against you and your client in this matter.

Michael J.Wall
Rothschild, Barry & Myers
Suite 3900
55 W. Monroe
Chicago Illinois 60603
312-372-2345
This communication is for the exclusive use of addressee and may contain privileged information and/or attorney's work product. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return mail, delete this message and destroy all copies.
Thank you.

**From:** John P. DeRose [mailto:john@johnderoselaw.com]
**Sent:** Monday, February 3, 2014 5:31 PM
**To:** Jason A. Guisinger; lcmalina@ktjlaw.com; Mike Wall; Convery, Jim; Greg James; Joseph Michael Gagliardo; Michael Condon
**Subject:** Re: McGreal

All Counsel:

I am specifically responding to the email from Jason Guisinger. I am still gathering documents and reviewing the voluminous document said Jason forwarded to me last Friday. As you know, no other defendant has forwarded a single document.. It is very difficult for me to even imagine that members of the command at the Orland Park Police Department were not and are not in regular and repeated communication, both verbally and in writing, with each other concerning Officer McGreal. I am not at this time willing to dismiss anyone from this case.Please each communicate with me in writing that you know of absolutely no documents in your client's business concerning this matter.

Please appreciate that I do not file lawsuits to "harass" opposition litigants. As I am sure you can appreciate, I represent a highly decorated police officer who became the secretary of his police union, who suddenly fell out of favor with his department, and who was ultimately was terminated. It serves none of us well to accuse each other of harassment. The merits of the case will be decided by the triers of fact.

Although the rest of you have not seen fit to communicate with me at all concerning this matter, be assured that I will be ready to commence the deposition of my client as scheduled. I will expect the rest of you to do the same with your respective clients when they are scheduled.

On Mon, Feb 3, 2014 at 4:25 PM, Jason A. Guisinger <jaguisinger@ktjlaw.com> wrote:

Good Afternoon John:

As the previous emails have suggested, I have not received answers to the Village's interrogatories or production requests. I sent one set of interrogatories and one set of production requests on behalf of my clients, i.e., the Village, Pat Duggan, Anthony Farrell and Scott Malmborg. To date, I have not received a response from you or your client, with the exception of the documents your client has been sending directly to defense counsel. Please forward the answers to these interrogatories to me ASAP.

Further, I sent three (3) separate sets of requests to admit on behalf of Pat Duggan, Anthony Farrell and Scott Malmborg, respectively, to which I have not received a response. We too are considering these requests to be deemed admitted based on your non-response. In fact, I do not see any way that you could do anything but admit the requests to admit because there is absolutely nothing that Pat Duggan, Tom Kenealy, Joe Mitchell, Jim Bianchi, Anthony Farrell or Scott Malmborg did that is not either (1) barred by the statute of limitations periods (1 and 2 year); (2) protected by absolute immunity for giving testimony in an arbitration proceeding; or (3) released by your client in connection with his applications for subsequent employment.

Given these facts, it is clear that your client is keeping Duggan, Kenealy, Mitchell, Bianchi, Farrell and Malmborg in this case for no other reason but to harass them. Indeed, this has been your client's modus operandi all along. Your clients MO has been clearly documented:

1. He was removed from his position as union secretary for being untruthful and advancing his own unfounded grievances to the detriment of the union membership that he was supposed to be representing. The union president testified that McGreal began threatening him and other union members with retaliation, by way of lawsuits, if they did not bend to his will.

2. Once it became clear that McGreal's cell phone records would be introduced into evidence in the arbitration, which proved that he lied to his superiors and under oath on multiple occasions, McGreal began his attack on the arbitrator, Chief McCarthy and Tom Melody from my office, by having his mother sue all of them in federal court, seeking punitive damages, over the phone records. Of course, this farce was dismissed by Judge Castillo as just that.

3. Next, McGreal fabricated his "bribery attempt" theory, which you have advanced in your pleadings, accusing the general counsel from his own union and Tom Melody of attempting to bribe another police officer to provide false testimony against McGreal. This accusation was made to the ARDC and after an investigation, the ARDC found McGreal's ridiculous allegations to be completely unfounded and closed the matter without any further inquiry. McGreal also repeated this "bribery attempt" theory in his unfair labor practice charges filed with the State Labor Board and the Labor Board also found McGreal's allegations to be unfounded.

4. Then, once his "bribery attempt" theory failed, McGreal began digging around into the background of the arbitrator and discovered that he was not a member of the National Academy of Arbitrators ("NAA"). McGreal filed a motion for the arbitrator to recuse himself on this basis, which was denied. Still undeterred, McGreal filed a circuit court action seeking to stop the arbitration, which was also denied by Judge Rita Novak and she threatened Loevy & Loevy that she would sanction them if they persisted in making this argument.

5. McGreal's next move was to file unfair labor practice charges before the State Labor Board against his own union and the Village related to the NAA issue. Of course, these ULP's were dismissed as meritless.

I bring these matters to your attention to demonstrate the pattern of vindictiveness being perpetrated by your client, to which you have unfortunately become a part. Based on the allegations of your own complaint and Judge Lefkow's ruling on the motion to dismiss, you have no basis whatsoever to keep Duggan, Kenealy, Mitchell, Bianchi, Farrell or Malmborg in this case. Your non-response to the requests to admit from my clients, and your improper response to Mitchell's requests to admit, underscore this fact. To continue to pursue your claims against these individual defendants is nothing more than an extension of your client's quest to harass and harm these individuals, with no basis in law or fact.

John, the attorneys in my office have dealt with you on many occasions in the past and they uniformly praise not only your abilities as a trial attorney, but also your reasonableness. It is my hope that you can rise above McGreal's harassment campaign and convince him to dismiss Duggan, Kenealy, Mitchell, Bianchi, Farrell and Malmborg from this case immediately. If you are not amenable to doing so, I have been authorized by the Village to seek Rule 11 sanctions. Once Judge Lefkow has your client's pattern of activity in clear view, I am confident that she will grant sanctions in this case. We look forward to your response.

Finally, we plan on going forward with Joe McGreal's deposition on February 12, 2014. Admittedly, we just got you the bulk of the documents on Friday, January 31, 2014. However, these are documents that your client has had since the beginning of the arbitration proceedings in January of 2010. As such, we do not believe that rescheduling the deposition is warranted.

Sincerely,

Jason A. Guisinger
Associate Attorney
Klein, Thorpe & Jenkins, Ltd.
20 N. Wacker Drive-Suite 1660
Chicago, IL 60606
(o) 312-984-6462
(f) 312-984-6444

CONFIDENTIAL COMMUNICATION
This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged. The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and attachments, if any, and any copy(ies) of it from your computer system. If you have any questions concerning this message, please contact the sender.

--
John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, Illinois 60521
(630) 920-1111 (phone)
(630) 920-1170 (fax)

**Confidentiality Notice**

The information contained in this EMAIL message is attorney privileged and confidential information intended only for the use of the designated recipient named above. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by regular mail.
Thank you.

LAW OFFICES

# ROTHSCHILD, BARRY & MYERS LLP

A LIMITED LIABILITY PARTNERSHIP
150 S. WACKER DRIVE, SUITE 3025
CHICAGO, ILLINOIS 60606
(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

July 16, 2014

**Via Email and U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

Re:  *McGreal v. McCarthy*
Case No.  12  cv  5135

Dear Mr. DeRose:

This letter is written to you in advance of the defendants filing their Motions For Summary Judgment and their Motions For Sanctions against you and your client Joseph McGreal, pursuant to Rule 11 of the Federal Rules of Civil Procedure.  It is apparent from the testimony of the witnesses and from the documentary evidence that the plaintiff is unable to support the claims that he made in the Second Amended Complaint, which you signed and filed.

I note for the record that the baselessness of the plaintiff's claims should have been apparent to you and your associate certainly after you sat through the plaintiff's deposition for three days.  The very best that the plaintiff was able to offer in support of the claims alleged were the assertions that he "believes" that there is evidence "somewhere" yet to be discovered.  Yet, the plaintiff repeatedly admitted in his deposition that he has no such evidence now and has no rational or evidentiary basis for believing that such evidence exists anywhere.  You have not offered anything better.  Your pervasive evasions in your responses to the defendants' written discovery requests only demonstrate further the lack of substance underlying the claims that you and the plaintiff have made.

Now you have started another round of depositions and document reviews.  Your continuing discovery demands, particularly your admittedly repetitive requests for production, now totaling almost 200, demonstrate that you and the plaintiff are simply fishing for evidence and are intending only to harass the defendants into paying money for frivolous, unwarranted claims.  **Most notable of your unwarranted claims are those that are barred by the statute of limitations and by Judge Lefkow's rulings, which you ignored when you filed the Second Amended Complaint.**  Your prosecution of this case after you received the record of the arbitration proceedings is also evidence of your knowledge that you are pursuing claims that cannot be supported.  Your "case" has consisted

only of implications that certain things occurred, but as the arbitrator found, no facts exist to support such conclusions. This has been amply illustrated by your countless deposition questions that have been posed without any factual foundation.

For the above reasons and those further shown by the record, I demand that you immediately dismiss your claims against my clients Timothy McCarthy and James Bianchi. If you do not comply with this demand I shall proceed with the filing of the referenced motions.

Michael J. Wall /ap

Michael J. Wall

MJW:ap
cc:     All Counsel of Record     (via email only)

## Mike Wall

**From:** John P. DeRose <john@johnderoselaw.com>
**Sent:** Monday, September 1, 2014 3:32 PM
**To:** Mike Wall
**Cc:** Convery, Jim; Jason A. Guisinger; lcmalina@ktjlaw.com; Michael Condon; James, Greg; Caitlyn DeRose
**Subject:** Re: Information needed before I embark on review of your privilege logs

Thank you, Michael. I will wait to see the responses from the rest of defense counsel.

On Mon, Sep 1, 2014 at 3:22 PM, Mike Wall <wall@rbmchicago.com> wrote:

Mr. DeRose, I don't see any question addressed to me in your email.   Also, I can't figure out from your email what exactly you think you are missing or what you think was not done in the computer searches.  I know that the tactic nowadays is to complain about discovery when you don't have the facts but just because you have not found any documents that are helpful to you does not mean that they ever existed.

I do agree with what Jim said.  As a supplement, I will add that not a single piece of evidence has been discovered in this very costly and overly long search that shows that either James Bianchi or Tim McCarthy did a single thing after June 27, 2010 that could form the basis for a viable claim by the plaintiff against either of them.  The lack of merit in this lawsuit was obvious from the lengthy arbitration proceedings that preceded it.  The plaintiff was fired because of his own insolent conduct, just like he was dropped from office by his union and later fired by Tiffany's.  This lawsuit needs to be dismissed with prejudice against all defendants.

Michael J. Wall

Rothschild, Barry & Myers

Suite 3025

150 S. Wacker Drive

Chicago Illinois 60606

312-372-2345

This email may contain privileged or confidential  information and is for the  sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Convery, Jim [mailto:jconvery@lanermuchin.com]
**Sent:** Monday, September 01, 2014 3:35 PM
**To:** 'John P. DeRose'; Jason A. Guisinger; lcmalina@ktjlaw.com; Mike Wall; Michael Condon; James, Greg
**Cc:** Caitlyn DeRose
**Subject:** RE: Information needed before I embark on review of your privilege logs

John, I am not sure what you are asking. We have produced a privilege log and additional documents re Lt. Mitchell, in addition to the documents produced by Jason Friday related to lt. Mitchell. I can say that to the extent other counsel have asserted a joint defense privilege, I would join in on behalf of Lt. Mitchell re any such emails including Lt. Mitchell.

I would also point out that with this production completed on behalf of Lt. Mitchell, NO evidence has been identified to date in this litigation identifying any impermissible or unlawful conduct on the part of Lt. Mitchell after June 27, 2010. Separate correspondence will follow this week insisting that Lt. Mitchell be promptly dismissed from this case.

As to the email of August 15, I point out what I thought was obvious. The computer of Lt Mitchell, and presumably the computers of the other individual defendants, are the property of the Village, and the Village engaged an expert to provide information to you as part of discovery. I assume Mr. Klein has engaged in the process you identified, but I cannot speak for him as Lt. Mitchell did not engage Mr. Klein.

Jim

**From:** John P. DeRose [mailto:john@johnderoselaw.com]
**Sent:** Monday, September 01, 2014 2:06 PM
**To:** Jason A. Guisinger; lcmalina@ktjlaw.com; Mike Wall; Michael Condon; Convery, Jim; James, Greg
**Cc:** Caitlyn DeRose
**Subject:** Information needed before I embark on review of your privilege logs

Counsel:

Before I embark on reviewed your privilege logs, it occurs to me, that I need some additional information from you.

I have not received a privilege log from Michael Condon. Am I correct in assuming one of 2 things? Either the eminent Mr. Condon does not assert a privilege on behalf of Cmdr. Kenealy to any emails and other writings, except those that Michael wall, as asserted our documents subject to a joint privilege, or Mr. Condon as not been given copies of those documents bearing his client's name for his review and the assertion of any

privilege. Please advise if either of these assumptions are correct. If not, is Michael Condon asserting any privilege to documents on behalf of Cmdr. Kenealy?

In like fashion, the eminent Mr. Convery has only identified a few documents on the privilege log he submitted on behalf of Lieutenant Mitchell. Do either of the assumptions I set forth above apply with with respect to the claim of privilege for Lieutenant Mitchell? If not, is James Convery asserting any privilege to documents on behalf of Lieutenant Mitchell?

Finally, and most importantly you should remember that I sent all of you an email on August 15, 2014, to which none of you have responded. I am still in need of an answer to that email before making an intelligent review of your privilege logs and request your prompt response. That email read as follows:

Counsel:

After our discussions before Judge Schenkier yesterday at the status hearing, I have some concerns that I wish to make sure we are all clear about. Jason mentioned yesterday the Document Retention Policy of Orland Park. I do not believe that such a retention policy is even applicable in this case.

As you remember, by the written agreement dated May 8, 2014 authored by Jason Guisinger, forwarded to all counsel of record, and then signed by my client and me, we agreed that Douglas Kline, "an experienced forensic computer analyst" for the Village of Orland Park Police Department would examine the computers of the selected 4 named defendants and the computer of Human Resources Director Przybylski for all files using the agreed-upon search terms.

Mr. Klein is expected to "process evidence for native and deleted files as agreed to by the parties."

As I am sure you remember, deponents have testified that when from time to time they were given new computers, all information stored in the replaced computers was transferred over to the new computer, so that nothing was lost. Each deponent who was asked denied ever deleting any communications regarding McGreal from their respective computers.

As we all know, "an experienced forensic computer analyst" working for any law enforcement agency is regularly involved in gathering deleted and hidden files from computers. To have placed an item in the "Trash" and later "empty the trash" from that location does not rid it from the computer's hard drive, as many pedophiles have found much to their dismay. I am sure that Mr. Klein is very versed in how to retrieve the emails from the selected computers for the time period between 2008 and November 2011 when defendants were ordering, investigating, interrogating, disciplining, and ultimately terminating Joseph McGreal.

If Mr. Klein has not searched--or will not search--the selected computers for any deleted files, please advise immediately.

Also, please provide a copy of the Village of Orland Park's Record Retention Schedule that was mentioned in court yesterday.


Your prompt attention to this matter is expected and will be appreciated.


Please advise concerning your respective positions in this matter as soon as possible.

--

John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, Illinois 60521
(630) 920-1111 (phone)
(630) 920-1170 (fax)

## Confidentiality Notice

The information contained in this EMAIL message is attorney privileged and confidential information intended only for the use of the designated recipient named above. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by regular mail.
Thank you.

--

John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, Illinois 60521
(630) 920-1111 (phone)
(630) 920-1170 (fax)

## Confidentiality Notice

The information contained in this EMAIL message is attorney privileged and confidential information intended only for the use of the designated recipient named above. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by regular mail.
Thank you.



September 3, 2014

*Writer's Direct Dial:*   (312) 494-5348

<u>VIA E-MAIL (john@johnderoselaw.com) & U.S. MAIL</u>

Mr. John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL 60521

    Re:   *Joseph S. McGreal v. The Village of Orland Park, et al.*
          *No. 12 CV 05135*

Dear John:

    We have now obviously concluded the vast majority of discovery, including the Plaintiff's deposition preceded by his answers to written discovery, along with the depositions of every single Defendant, several Village Trustees, the Mayor and the Village Manager. In addition, electronic discovery has only further confirmed the complete absence of any admissible evidence to support any of your client's theories. On behalf of Defendant Joseph Mitchell, it is now more clear than ever, based on the rulings by Judge Lefkow in this case, and the multitude of depositions taken and discovery produced, that Plaintiff does not have a viable legal claim against Lt. Mitchell and did not have a valid claim at the time of the filing of the Second Amended Complaint.

## I.    STATUS OF PLAINTIFF'S CLAIMS

    The Second Amended Complaint contains eight separate counts. While it is obvious that a number of these counts can only be brought against a municipal defendant, the Second Amended Complaint seeks relief from all defendants in every count. Plaintiff's counts are as follows:

- Count I -- 42 U.S.C. §1983, violation of due process under the Fourteenth Amendment;

- Count II -- 42 U.S.C. §1983, retaliation in violation of the First Amendment Freedom of Association;



- Count III -- 42 U.S.C. §1983, retaliation in violation of the First Amendment Freedom of Speech;

- Count IV -- 42 U.S.C. §1983, <u>Monell</u> policy claim;

- Count V -- Tortious interference with advantageous business relations;

- Count VI -- Respondeat Superior;

- Count VII -- Indemnification; and

- Count VIII -- Intentional infliction of emotional distress.

On September 10, 2013, Judge Lefkow issued an Order directing the Plaintiff to file an Amended Complaint and to specifically "set forth the allegations that tied the individual Defendants [Plaintiff's] surviving claims for relief and omit allegations that are no longer relevant." Contrary to the Court's direction, the Second Amended Complaint included every Defendant in every count where obviously certain Defendants should have been expressly excluded (*e.g.*, Counts IV, VI and VII, Plaintiff's <u>Monell</u>, *respondeat superior* and Indemnification claims), and did ***not*** set forth specific facts linking any specific defendant to any specific court.

Perhaps most critical to the claims against Lt. Mitchell, Judge Lefkow determined that Plaintiff's §1983 claims that occurred prior to June 28, 2010 are time barred. Moreover, the only surviving claim against the individual Defendants is one of retaliatory termination, for which, as described below, there is no admissible evidence in support. (Docket No. 77, p. 11) In addition, Judge Lefkow also ruled that the individual Defendants "are afforded absolute immunity for their testimony under oath during the arbitration hearing." (*Id.* at p. 13)

## II.    PLAINTIFF'S    WRITTEN    DISCOVERY    RESPONSES/DEPOSITION TESTIMONY

As you know, I wrote a detailed Local 37.2 letter to you on February 4, 2014. In that letter, I pointed out certain deficiencies in Plaintiff's responses to Lt. Mitchell's interrogatories. In particular, Plaintiff's responses failed to identify with any specificity whatsoever, even though expressly asked, the date of any actions engaged in by Lt. Mitchell that support any of the claims contained in the Second Amended Complaint. The interrogatory responses, much like your client's subsequent evasive testimony, generally referred to Lt. Mitchell as having "agreed and



conspired with the other named Defendants in this cause to manufacture and create false charges and allegations against the Plaintiff. . . ." When confronted with specific questions in his deposition, there were three items that your client claims were engaged in by Lt. Mitchell after June 27, 2010. Two of these were dates upon which Lt. Mitchell testified in the arbitration hearing. Because these are protected as being absolutely immune, these "facts" are legally inadmissible and immaterial. The only other fact identified in your client's testimony was his reference to him having been terminated on June 28, 2010 and that the role of Lt. Mitchell was that referenced in Chief McCarthy's arbitration testimony. The testimony of the Chief specifically referred to the charging document against your client. The Chief referenced that he sat down with all the players and reviewed the charges and then signed the charge document. (See Dep. Ex. 27 at p. 3257) In addition, the statement of charges that led to your client's termination were signed by Chief McCarthy on June 4, 2010. (See Dep. Ex. 29) *Based on your client's testimony alone, he has absolutely no personal knowledge of any action engaged in by Lt. Mitchell (not to mention the other individual Defendants) after June 27, 2010. Your client was not present for any meeting involving Lt. Mitchell after June 27, 2010 and has no personal knowledge of any action taken by Lt. Mitchell after June 27, 2010, except for his testimony at the arbitration, for which Lt. Mitchell has absolute immunity.*

Throughout your client's deposition he would continually refer to his waiting to find out additional information revealed in discovery. While I understand his position, at the time the Second Amended Complaint was filed it was his obligation to have a good faith basis for the claims set forth in suing each individual Defendant. It is now crystal clear that your client did not have a good faith basis that any such facts existed as to the individual Defendants, much less Lt. Mitchell, in light of Judge Lefkow's rulings regarding the statute of limitations and absolute immunity. In addition, your client could not identify any individual Defendant having any contact with any prospective subsequent employer of your client after June 27, 2010. He certainly had no such knowledge with respect to Lt. Mitchell. Moreover, your client signed a waiver and release regarding disclosures sent to other municipalities which, even if you had evidence that any individual Defendant had unlawfully disclosed information, those claims would be waived. Of course, no evidence has been identified in discovery reflecting that any Defendant engaged in any act interfering with any future employment of your client.

I understand your client's hope and desire that he would somehow uncover some information in discovery to justify his claims against the individual Defendants. However, it is clear there was no basis at the time the lawsuit was filed; and based on discovery to date, there are no facts to support any continuation of this lawsuit against any individual Defendant, and, in particular, my client, Lt. Mitchell.



Moreover, with respect to your deposition examination of the individual Defendants and other witnesses in this case, your focus was almost exclusively on events occurring prior to June 28, 2010. Given any such conduct is outside the statute of limitations, and you did not examine in any meaningful manner on any conduct that even allegedly took place after June 28, 2010, the countless hours spent in depositions was essentially a waste of valuable time.

This lawsuit has caused my client (and other individual Defendants) hundreds of thousands of dollars in needless defense costs. Your client is not entitled to sue anybody he desires and sort it out later. He obviously has a strong dislike for his former supervisors. However, the remedy for his concerns is not the shot gun approach to sue everybody in sight.

I am specifically requesting that you agree to dismiss Lt. Mitchell before any additional depositions take place and before I have to prepare a summary judgment motion. If for some reason you believe my assessment is legally infirm, please set forth any such facts to justify continued litigation against my client. Having my client sit through several months of depositions in the hope that you or your client might discover information to support any claim against Lt. Mitchell (and others) has been a needless and expensive waste of time.

Under Federal Rule 11(b), a pleading, in this case the Second Amended Complaint, must be based on a reasonable pre-filing inquiry into the law and the facts. This lawsuit had no such basis in law or fact when the Second Amended Complaint was filed, and it still has no basis in law of fact today.

In addition, as Judge Norgle recently observed in Butler v. F.D.I.C., 2014 U.S. Dist. LEXIS 27682 (N.D. Ill. Feb. 24, 2014), the Seventh Circuit has interpreted 28 U.S.C. §1927 as the appropriate source of authority "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006). Under §1927, an attorney who multiplies the proceedings unreasonably and vexatiously may be required to pay the attorneys' fees and costs incurred because of such conduct. "Pressing a claim even after its emptiness became pellucid must be described as "vexatious." Nisenbaum v. Milwaukee Cty., 333 F.3d 804, 809 (7th Cir. 2003).

It is now clear after the multitude of depositions that: a) your client's factual contentions do not have any admissible evidentiary support, and b) there is no likely evidentiary support as his claims are based on pure speculation, especially given the court's ruling that actions taken in the arbitration proceeding are absolutely immune.



There is no reason to keep the individual Defendants in this case other than to satisfy your client's personal vendetta against them. I am specifically asking that you agree to dismiss all claims against Lt. Joseph Mitchell. Please advise of your position by Monday, September 22.

Very truly yours,

James J. Convery

JJC:lc

cc:　Mike Wall (via e-mail: wall@rbmchicago.com)
　　　Mike Condon (via e-mail: mcondon@hcbattorneys.com)
　　　Jason Guisinger (via e-mail: jaguisinger@KTJLAW.com)
　　　Lt. Joseph Mitchell (via e-mail: opd70@yahoo.com)
　　　Gregory R. James (via e-mail)

# ROTHSCHILD, BARRY & MYERS LLP

A LIMITED LIABILITY PARTNERSHIP
150 S. WACKER DRIVE, SUITE 3025
CHICAGO, ILLINOIS 60606
(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

September 30, 2014

**Via Email & U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

Re:  *McGreal v. McCarthy*
Case No. 12 cv 5135

Dear Mr. DeRose:

This is to address your letter dated September 17, 2014 and the Plaintiff's Renewed Request For Production that you sent with that letter. This letter is also to address the various letters and emails that have been exchanged among the attorneys since September 17, 2014 on the subject of the Plaintiff's requests for the production of documents. This letter is also intended for the record to supplement the defendants' planned Rule 11 Motions.

Counsel for the Village of Orland Park has repeatedly advised you of the proceedings involving the plaintiff's claims that occurred before your involvement. Your client should have also advised you of that record. In addition, that record has been available for your independent review. That record shows the multiple and repeated requests for production and FOIA requests previously made by the Plaintiff and the defendants' responses to those.

Prior to your service of your letter of September 17, 2014 and Plaintiff's Renewed Request For Production, you had served on the defendants one hundred eighty (180) individual requests for production. When you served your Fourth Request For Production, you acknowledged that "Perhaps many of these items have already been prepared for production. If so, please excuse the redundancy of these requests".

Plaintiff's Renewed Requests For Production contains another one hundred fourteen (114) individual requests, for a total of two hundred ninety-four (294) individual requests for production served on the defendants. Since you served Plaintiff's Renewed Requests For Production you have admitted in writing that they too are redundant and a cursory review of Plaintiff's Renewed Requests easily shows that to be true. Your excuse for serving the same requests over and over is your claim

without a scintilla of evidence that you and the plaintiff believe that there are responsive documents in the possession of the defendants that have not been produced. We have asked you to give us the facts that support those beliefs and you have failed to do that. We asked you to identify the documents that you claim to be missing and identify the person or persons who is (are) withholding those documents. Again you failed to do that. I asked you specifically, for my clients Timothy McCarthy and James Bianchi, to identify what documents you believe they have and again you failed to do that. I have repeatedly objected in particular to your tactics directed against Defendant Bianchi, who, as you know, no longer works for the Village of Orland Park and has no power or authority to produce any of its files or documents. None of the individual defendants can force the Village to produce documents that we don't know exist.

As I have said to you previously, issuing the same requests over and over, does nothing to advance the discovery process. You headed your 9/23/14 email with the subject line: "Why documents must be in possession of the defendants" but your recitation of the Village's document retention policies was of no help. I find it oddly necessary to tell you that documents that never existed can't be retained. It is readily apparent that what you are doing is simply ignoring the valid objections and responses that have been made in response to your requests. Certainly your purpose is to harass the defendants in order to make the defense of this matter more expensive. Certainly too, now that the lack of merit in the plaintiff's case is ever more apparent, you want to say that is only because the proof has been hidden by the defendants.

Moreover, I am shocked by your statement in your letter of September 26, 2014 that "more than two years of [sic] e-mails have disappeared while in the Defendants' custody and care." That statement is as baseless and meritless as the allegations filed over your name in the Second Amended Complaint and the discovery responses filed for the Plaintiff over your name. Flat out, you have called all of us unethical liars, which is certainly ironic given the charges that have been sustained against the plaintiff. Perhaps you should read the full record, which I understand you did not do before you elected to participate in this lawsuit.

All of this is only a continuation of your prior improper conduct. You were directed by Judge Lefkow's order of September 10, 2013 to file an Amended Complaint, "alleging only the claims that have survived the motion to dismiss". You were ordered to "set forth the allegations that tie the individual defendants to his surviving claims for relief and omit allegations that are no longer relevant." You ignored those orders just as you have ignored the discovery rules in your responses to the defendants' discovery requests.

Defendant Bianchi and Defendant McCarthy produced the documents in their possession as individual defendants long ago. Defendant McCarthy has and will continue to provide any assistance requested of him by the Village attorneys in the production of requested documents. In light of the record set out above, we see no reason to spend the several hours it would take to respond further to Plaintiff's Renewed Requests For Production, which are untimely in any event. If any of the Plaintiff's Renewed Requests are in fact new, then please identify those for me and I will consider a response to them. If you have any proof that either of my clients have withheld any documents please tell me what they are and give me a factual basis for your claims.

Finally, I again demand that the plaintiff dismiss his claims against defendants McCarthy and Bianchi.

Michael J. Wall

MJW:ap
cc:     All Counsel of Record          (via email only)

| From: | Mike Wall |
|---|---|
| Sent: | Friday, October 10, 2014 7:04 PM |
| To: | John P. DeRose |
| Cc: | mcondon@hcbattorneys.com; Jason A. Guisinger; Convery, Jim; |
| | madans@rbmchicago.com |
| Subject: | RE: A Forensic Computer Search of Orland Park's Server |

Mr. DeRose,

I gave you my position in my letter of September 30. I believe that you are allowing your client unrestrained control of this litigation. I will add that no emails "between and among the defendants" would change the well documented record of your client's own conduct which gave the Village good cause to terminate his employment.

Michael J. Wall
Rothschild, Barry & Myers
Suite 3025
150 S. Wacker Drive
Chicago Illinois 60606
312-372-2345

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Convery, Jim [mailto:jconvery@lanermuchin.com]
**Sent:** Friday, October 10, 2014 6:44 PM
**To:** Jason A. Guisinger; John P. DeRose
**Cc:** Mike Wall; mcondon@hcbattorneys.com
**Subject:** RE: A Forensic Computer Search of Orland Park's Server

John, I join in Jason's response. I would also add from my own observation that per your letter dated September 26, which was emailed on September 30, you state are *"looking for email and other communications between and among the defendants wherein Joseph McGreal is mentioned or discussed for the critical years of 2008 through 2011..."* As a threshold matter, a search was done for what you were "looking for." Simply because the search did not turn up what your client was hoping for does not mean the search done by the Village was defective in any manner. Neither you nor your client have identified any defect in the search efforts that were performed and agreed to. I would also point out, which Jason and other defense counsel have on multiple prior occasions, that you have in fact received reams of documents between 2008 and 2011 reflecting communications between defendants concerning Mr. McGreal, not only in the thousands of emails received and/or reviewed by your client in response to his FOIA requests, the thousands of documents produced by the defendants in discovery, but also in the 3 binders of over 500 Plaintiff exhibits utilized by you during countless number of depositions, including Ex. Nos. 11, 12, 20, 32, 57, 59, 60, 62-64, 69, 99, 100, 110, 115, 120, 125-128, 131, 132, 133, 134, 138-141, 143, 144-146, 148, 149, 151, 181-182, 187, 191, 193, 194, 206, 227,228, 230, 231, 233, 234, 241, 242 and 247, just in Binder #1. You have attempted to portray a picture as if there are no documents that exist addressing the litany of issues that led to your client's discharge. It is time to move on John, so we can get to the dispositive motions and those actions seeking recovery of attorneys fees and costs.
Jim

*This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.*

*If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.*

*James J. Convery*
*Laner Muchin, Ltd.*
*515 N. State Street*
*Chicago, Illinois 60654-4688*
*(312) 467 9800*
*Fax (312) 467 9479*

*Jconvery@lanermuchin.com*
*If you need to send me attachments click here to upload files.*

---

**From:** Jason A. Guisinger [mailto:jaguisinger@KTJLAW.com]
**Sent:** Friday, October 10, 2014 4:47 PM
**To:** John P. DeRose
**Cc:** Convery, Jim; Mike Wall (wall@rbmchicago.com); mcondon@hcbattorneys.com
**Subject:** RE: A Forensic Computer Search of Orland Park's Server

John:

Please be advised that the Village is in receipt of your communication attached below. Please be further advised that the Village is not agreeing to any further e-discovery in this case.

On June 10, 2014, after lengthy negotiations regarding the logistics and scope of a forensic computer search in this case, you and I entered into a letter agreement providing for the forensic searches of the agreed on computers. Specifically, we agreed on the forensic examiner to be utilized, the methodology to be used for the searches, the computers and places on the computers to be searched, and search terms to be used. As a result of our agreed forensic search, over 30,000 pages of documents were revealed and we produced a large portion of those documents. I spent countless hours reviewing these documents in order to prepare them for production to you, not to mention the hours spent by Jim Convery, Mike Wall and Mike Condon reviewing emails and creating privilege logs, and the time spent by our forensic examiner doing the search.

Given the fact that you and I entered into a written agreement for a forensic computer search (which we both represented to the Judge was complete), I do not believe that there is any basis to start a new forensic search, based on a request received the day fact discovery closed in this case, that is going to take several more months and thousands of dollars in additional attorneys' fees to complete.

In short, if your client wanted his own forensic computer expert to conduct a forensic search in this case, that should have been addressed early this summer before we spent all of the time and effort on the forensic search that we agreed to.

Finally, I will have a response to your renewed request for the production of documents by the end of next week.

Good luck with the rest of your trial.

Sincerely,

Jason A. Guisinger
Klein, Thorpe & Jenkins, Ltd.
20 N. Wacker Drive-Suite 1660
Chicago, IL 60606

2

CONFIDENTIAL COMMUNICATION
This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged. The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and attachments, if any, and any copy(ies) of it from your computer system. If you have any questions concerning this message, please contact the sender.

**From:** John P. DeRose [mailto:john@johnderoselaw.com]
**Sent:** Tuesday, September 30, 2014 9:16 AM
**To:** Jason A. Guisinger; Lance C. Malina; Mike Wall; Michael Condon; jim convery; Greg James; Joseph Michael Gagliardo
**Cc:** Caitlyn DeRose
**Subject:** A Forensic Computer Search of Orland Park's Server

Counsel:

Please see attached.

--
John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, Illinois 60521
(630) 920-1111 (phone)
(630) 920-1170 (fax)

**Confidentiality Notice**

The information contained in this EMAIL message is attorney privileged and confidential information intended only for the use of the designated recipient named above. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by regular mail.
Thank you.

# EXHIBIT 9



February 4, 2014

*Writer's Direct Dial:* (312) 494-5348

<u>VIA E-MAIL (john@johnderoselaw.com) & U.S. MAIL</u>

John P. DeRose
John P. DeRose and Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL 60521

Re: *Joseph S. McGreal v. The Village of Orland Park, et al.*
    *No. 12 CV 05135*

Dear John:

I write again pursuant to Local Rule 37.2 and in response to your emails of January 30, 2014 and February 3, 2014 regarding the progress (or lack thereof) of discovery, the status hearing set before Judge Lefkow on February 11 and your client's February 12 deposition. However, unless Plaintiff addresses and corrects the deficiencies in discovery which are discussed below, we will not be able to complete your client's deposition. Frankly, given the many claims and allegations in this case and the numerous defendants, it is doubtful that the deposition could be completed in one day at any rate. Further, I am still hopeful that the Plaintiff will properly comply with discovery so that we do not have to burden the Court with these matters.

Plaintiff's Responses to Requests to Admit

Defendant Joseph Mitchell's First Request for Admissions to Plaintiff were served upon you on November 18, 2013. Plaintiff's initial responses were received on December 31. Thereafter, in a January 4 e-mail, we objected to your responses and pointed out that the responses were deficient in numerous respects, including the Plaintiff's failure to admit or deny and claims of lack of sufficient knowledge with respect to requests directed toward Plaintiff's personal knowledge. You did not substantively respond to that e-mail. On January 9, 2014 you forwarded amended responses to the Requests for Admission which slightly changed two of Plaintiff's original responses, but not in any substantive or meaningful way. Plaintiff's responses, specifically Responses 3, 4, 5, 6, 7, 8, 9, 10, 11, 16 and 17 are glaringly deficient and your responses must be amended to either admit or deny the requests.



**LANER   MUCHIN** ℠

Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.

Each of the requests identified above asked Plaintiff to admit that he is either "unaware of any action" or lacks "personal knowledge" regarding the subject of the request. Consequently, the subject matter of the Requests to Admit, <u>i.e.</u>, what the Plaintiff knows or does not know, is readily ascertainable by the Plaintiff. Plaintiff must respond as to what he knows or does not know; he cannot reasonably claim a lack of knowledge, after reasonable inquiry, as to what he knows or what he does not know. The Plaintiff either has personal knowledge of a thing or he does not. The Plaintiff is either unaware of particular facts or he is not. To claim that the Plaintiff cannot ascertain, after reasonable inquiry, what he knows or does not know is simply illogical and a clear violation of Federal Rule of Civil Procedure 36.

In my email of January 4, 2014, I pointed out these deficiencies and provided you with the clear case law governing proper responses to requests to admit. In part, I wrote to you that:

> "Several of Mr. McGreal's responses claim he cannot truthfully admit or deny until discovery has been completed. Because the requests seek the basis of **McGreal's** knowledge, he must answer before oral discovery starts, not before it has concluded. See Requests nos. 3-11 and 16-17. Complete answers are crucial because they have a direct impact on the scope of discovery, including depositions. I have been down this path before and highlight a few principles to hopefully avoid unnecessary and costly motion practice.
>
> Under Rule 36(a) of the Federal Rules of Civil Procedure, "a party may serve on any other party a written request for the admission of the truth of the matters relating to statements or opinions of fact or the application of law to fact." Hanley v. Como Inn, Inc., Case No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130 at *2 (N.D. Ill. April 28, 2003). Requests for admission are "used to establish the truth or genuineness of a matter in order to eliminate the need to prove the matter at trial or to limit the issues of triable fact." Taborn v. Unknown Officers, Case No. 00 C 652, 2001 U.S. Dist. LEXIS 1932 at * 2 (N.D. Ill. Feb. 16, 2001), quoting T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997).
>
> "In answering a request for admissions, the answering party must admit, deny, or 'set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.'" Hanley, at *3, citing Fed. R. Civ. P. 36(a). A party "may not give lack of information or knowledge as a reason


for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny." Id, at *3, quoting Fed. R. Civ. P. 36(a). "This portion of the Rule reflects an affirmative duty on the part of the answering party to thoroughly investigate the requests for admission and reply only after researching the answer as completely as possible." Kaminski v. First Union Corp., Civil Action No. 98-CV-1623, etc., 2000 U.S. Dist. LEXIS 11269 at *7 (E.D. Penn. Aug, 10, 2000).

A reasonable inquiry includes a "review and inquiry of those persons <u>and documents</u> that are within the responding party's control." Hanley, at 5, citing T. Rowe Price Small-Cap Fund, 174 F.R.D. at 42.

"[A] response is insufficient if the answering party has failed to make a 'reasonable inquiry' and if the information necessary to admit or deny was 'readily obtainable.'" ASEA, Inc. v. Southern Pacific Trans. Co., 669 F.2d 1242, 1246 (9th Cir. 1981).

"When a challenge to sufficiency of responses is made under Rule 36, it is the party opposing the challenge that has the burden of persuasion to show that the response to the request is sufficient." Climco Coils Co. v. Siemens Energy & Automation Co., Case No. 04 C 50342, 2006 U.S. Dist. LEXIS 19796 at *4 (N.D. Ill. March 28, 2006).

"If after the court considers a challenge to the sufficiency of a response and decides an answer fails to comply with Rule 36 requirements, the court may deem the matter admitted or order that an amended answer be served." Id. at *5.

McGreal has all of the arbitration exhibits at a minimum, and he attended all the proceedings and filed multiple lawsuits. Thus, he has an abundance of knowledge and information available in order to respond fully and completely. As you and I candidly know, there is not one shred of evidence that Lt. Mitchell lifted a finger after June 27, 2010. Mr. McGreal must either admit to this fact or identify facts which reflect otherwise."



**LANER MUCHIN**℠

Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.

John P. DeRose
February 4, 2014
Page 4

John, in order to take a meaningful deposition of your client on February 12, I need complete and proper responses to Lt. Mitchell's Requests to Admit not later than Friday, February 7, 2014.

<u>Plaintiff's Deficient Responses to Defendant Mitchell's First Set of Interrogatories</u>

In my email of January 4, I also pointed out certain deficiencies in your answers to interrogatories. You have not responded to the issues I raised with your responses to requests to admit or the interrogatories. Plaintiff's responses to the following interrogatories are deficient and must also be corrected on or before February 7, 2014.

<u>Interrogatory No. 9</u>

I address this interrogatory first, because it is closely related to the propriety and completeness of Plaintiff's responses to Lt. Mitchell's requests for admission. Interrogatory No. 9 requires that the Plaintiff identify the factual basis for the denial of any request to admit. Plaintiff denied requests to admit nos. 1, 2 and 12-15. Your response to Interrogatory No. 9, however, simply states "See the answers to interrogatories above." This response is completely non-responsive as none of Plaintiff's interrogatory answers contains the factual basis to support the denial of these requests to admit.

<u>Interrogatory No. 4</u>

My January 4 email set forth the inadequacy of Plaintiff's response to this interrogatory. Because you have not responded to my January 4 email regarding this interrogatory, I reiterate my objection to the Plaintiff's answer:

> "The response to interrogatory No. 4, requesting identification of "all actions taken by Joseph Mitchell after June 27, 2010...and the specific date of each action" is evasive and non-responsive at a minimum. The response does not identify even one specific action taken by Mitchell after June 27, 2010. The reference to Mitchell having "agreed and conspired" with other named defendants is a naked conclusion without any factual support. The one statement referring to an October 27, 2009 alleged fabrication is not responsive to the request for post June 27, 2010 allegations. No testimony or document produced in this case identifies any action taken by Lt. Mitchell after June 27, 2010. I insist that this interrogatory be answered fully and completely as it is very precise."



**LANER** **MUCHIN** SM
Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.

John P. DeRose
February 4, 2014
Page 5

Plaintiff's answer to this interrogatory is completely general and conclusory, much less identifying and describing all actions taken by Lt. Mitchell after June 27, 2010, which Plaintiff claims support any of his claims in the Second Amended Complaint "and the specific date of each action." The answer to this interrogatory is simple and crucial to Lt. Mitchell. I insist that Mr. McGreal answer this interrogatory before his deposition.[1]

Interrogatory No. 5

Interrogatory No. 5 is a simple and straightforward request. The interrogatory requires the Plaintiff to identify each department policy, referenced in Paragraph 80 of the Second Amended Complaint, which Plaintiff contends was inequitably enforced "and describe the basis of the assertion that such policies were inequitably enforced." The Plaintiff's response is just partially responsive and substantially not responsive. With respect to just a few policies, Plaintiff does describe the basis of his contention that the policies in question were inequitably enforced. Plaintiff then goes on to cite 16 other general orders, but provides absolutely no information whatsoever regarding the basis for the assertion that these policies were inequitably enforced with respect to the Plaintiff.

Interrogatory No. 7

This interrogatory is also simple and straightforward, requiring the Plaintiff to identify and describe each allegation of criminal conduct referenced in Paragraph 140 of the Second Amended Complaint, which was "never investigated" and each specific fabrication by Lt. Mitchell. The Plaintiff's answer to interrogatory No. 7 simply parrots verbatim the Plaintiff's deficient answer to interrogatory No. 4. Please supplement Plaintiff's answer to interrogatory No. 7 to provide a full and complete response.

Interrogatory No. 8

Again, Plaintiff's response is completely non-responsive, stating that the Defendant should refer to the non-responsive "answers to the interrogatories above" and stating further that "the actions and participation of each individual representative are unknown at this time but are reasonably believed to be learned during the course of discovery in the cause." If that is the

---

[1] I do note in Plaintiff's amended responses to Request to Admit Nos. 7 and 8, that he refers to alleged "false, obstructive and contradictory statements" made on January 26, 2011 and February 9, 2012. What statements? If you mean statements made during the arbitration hearings on those days, say so, as those dates are when Lt. Mitchell testified in the arbitration hearing.

Plaintiff's admission, and the Plaintiff has no specific knowledge to support the allegations of Paragraph 159 of the Second Amended Complaint, then it appears that the allegations were made without any reasonable factual basis or inquiry, in violation of Rule 11.

<u>Mitchell Documents</u>

In response to your prior e-mails regarding documents belonging to the individual Defendants, including Lt. Mitchell, please note that Lt. Mitchell's responses are primarily based on documents produced by the Village. Lt. Mitchell does have some documents as I previously informed you. See attached Mitchell 001-015. Mitchell has other documents which are essentially copies of documents already produced. I will make them available for your inspection at some point, but do not plan to have Lt. Mitchell incur the cost of copying unnecessarily duplicate information.

<u>Deficient and Incomplete Responses to Lt. Mitchell's Request for Production of Documents</u>

I just reviewed Plaintiff's First and Second Supplemental Responses to Initial Document Requests. I did not see any documents reflecting his employment since his discharge from the Village, including any paystubs, W-2's or income tax returns.

John, as I stated in my email to you of January 4, let's try and work to clean up these claims rather than prolong the inevitable with motion practice. Given that your client's deposition is next week and the deficiencies identified above have been made known to you for weeks, it is critical that we receive forthright and complete responses not later than Friday, February 7, 2014. I look forward to discussing all of the foregoing at your earliest convenience and am available to discuss late today, tomorrow or Thursday afternoon after 2:00 p.m.

Very truly yours,

James J. Convery

JJC:cnt
cc:    Mike Wall (via e-mail:  wall@rbmchicago.com)
       Mike Condon (via e-mail:  mcondon@hcbattorneys.com)
       Jason Guisinger (via e-mail:  jaguisinger@KTJLAW.com)
       Gregory R. James (via e-mail)

## ROTHSCHILD, BARRY & MYERS LLP

A LIMITED LIABILITY PARTNERSHIP
55 WEST MONROE STREET, SUITE 3900
CHICAGO, ILLINOIS 60603-5017
(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

February 10, 2014

**Via Email and U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

      Re:   *McGreal v. McCarthy*
           Case No.  12  cv  5135

Dear John:

This letter is written pursuant to local Rule 37.2. It is in regard to plaintiff's responses to Defendant Timothy McCarthy's First Set Of Interrogatories To Plaintiff.

Interrogatory No. 1.  The plaintiff's objections are without merit and there is no answer to the interrogatory except for conclusory statements that McCarthy conspired with the other defendants to provide a sham hearing to plaintiff, after terminating plaintiff's employment without just cause.

Interrogatory No. 3.  The plaintiff's objections are without merit and the information requested in the interrogatory is not provided.  Plaintiff must provide the dates of the meeting as best as he can recall, where each meeting took place, who was present at each such meeting, how long the meeting lasted and the subject discussed at each such meeting.

Interrogatory No. 4.  Plaintiff claims that he should not have been terminated before the arbitration commenced.  The interrogatory asks for the names of those other union members in the Orland Park Police Department who had discipline imposed against them before any hearings took place before an arbitrator or the Board of Fire and Police Commissioners to determine the propriety of the discipline imposed.

Interrogatory No. 5.  Plaintiff did not provide names of any supervisors that were affected by the budget cuts that are alleged, nor did the plaintiff state how each supervisor was affected by the budget cuts.  Referring us to documents within the Village of Orland Park does not provide us with the knowledge that plaintiff has as he alleges in his Second Amended Complaint.

Interrogatory No. 6 asks the plaintiff to describe the "discriminatory treatment" that he alleged in paragraph 80 of the second amended complaint. The interrogatory is simply not answered. He says that policies were strictly enforced but does not provide a single detail to support this conclusion.

Interrogatory No. 7 is also not answered. Plaintiff provided no information as to how each of the charges against him was false as he alleges in his Second Amended Complaint.

Interrogatory No. 11 is also not answered. Plaintiff provides a litany of conclusions and accusations but not a single fact. He may allege conclusions in his complaint but he cannot answer interrogatories with them.

Interrogatory No. 12. What was stated above in regard to interrogatory no. 1 applies with equal force here.

Interrogatory No. 13 is answered the same way that interrogatories nos. 11 and 12 were answered. Interrogatories are not to be answered by statements of conclusions.

Interrogatory No. 18 is not answered. The response given is patently improper.

Interrogatory No. 20 is also not answered. The interrogatory is simple and easily understood.

The plaintiff's objections to Interrogatory No. 23 are without merit. The response is also improper.

Plaintiff's response to Interrogatory No. 24 is also improper. Plaintiff is supposed to provide the information that is within his knowledge and answer the interrogatory. He has not done that.

These interrogatories were served upon you on December 12, 2013. Please provide the proper answers as requested above within seven (7) days.

*Michael J. Wall*

Michael J. Wall

MJW:ap
cc:     All Counsel of Record

LAW OFFICES

# ROTHSCHILD, BARRY & MYERS LLP

A LIMITED LIABILITY PARTNERSHIP

55 WEST MONROE STREET, SUITE 3900

CHICAGO, ILLINOIS 60603-5017

(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

February 10, 2014

**Via Email and U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

    Re: *McGreal v. McCarthy*
       Case No.  12  cv  5135

Dear John:

   This letter is written pursuant to local Rule 37.2 and to reiterate some of what I have already told you in emails.

   **Plaintiff's Answers to Defendant James Bianchi's First Requests for Admissions.**  As I have told you in my emails, the plaintiff's responses to requests 3, 4, 5, 6, 7, 8, 9 and 12 do not comply with the requirements of Rule 36 of the Federal Rules of Civil Procedure.  Rule 36(a)(4) states, "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient for it to enable it to admit or deny."  None of the plaintiff's responses to the above listed requests make that required statement.  Moreover, these requests asked for plaintiff's knowledge of something.  He either knows something or he does not. To assert that he needs more information to answer these requests is spurious.  Please provide proper responses to these requests within the next seven (7) days.  These requests were served upon you on November, 18, 2013.

   **Plaintiff's Answers to Defendant James Bianchi's First Set of Interrogatories.**  As explained below, the plaintiff's answers to the following interrogatories from Defendant James Bianchi are improper or inadequate.

Bianchi's interrogatory no. 14 asks, the following, "Describe in detail the actions and omissions of Bianchi and when each occurred that support your allegations in paragraph 183 of the Second Amended Complaint that Bianchi failed to "adequately train, supervise and discipline employees who engaged in constitutional violations." Plaintiff's answer refers the reader to plaintiff's answer to other interrogatories, none of which contain any information regarding any failure by Bianchi to train, supervise or discipline employees in any way shape or form.

Interrogatory no 15 asks the plaintiff to "Describe in detail the practices of Bianchi that you allege in paragraph 183 of the Second Amended Complaint". Again the plaintiff refers to responses to other interrogatories that provide no answer to the question asked.

These interrogatories were served upon you on November 18, 2013. Please provide the amended answers within the next seven (7) days.

**Plaintiff's Responses to Defendant James Bianchi's First Requests to Produce.** Plaintiff's responses to request nos. 1 and 12 are improper. It is not an answer to a request to produce to tell me who else might have responsive documents. We are entitled to see the documents in plaintiff's possession as specifically asked for in these requests. Plaintiff's response to request no. 14 is also improper. Plaintiff provided a chart of information but did not identify a single document that was requested. Finally, plaintiff's response to request no. 15 is improper because it only refers us to responses to other requests and those responses are in part improper as specified above. These requests to produce were served upon you on November 18, 2013. Please provide the responsive documents as required within the next seven (7) days.

Thank you for your anticipated cooperation. Please call me if you wish to discuss any of the above.

*Michael J Wall*

Michael J. Wall

MJW:ap
cc:     All Counsel of Record by email

LAW OFFICES

## ROTHSCHILD, BARRY & MYERS LLP
A LIMITED LIABILITY PARTNERSHIP
55 WEST MONROE STREET, SUITE 3900
CHICAGO, ILLINOIS 60603-5017
(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

March 4, 2014

**Via Email and U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

Re:  *McGreal v. McCarthy*
Case No.  12  cv  5135

Dear John:

This letter is written pursuant to local Rule 37.2 and it concerns the plaintiff's answers to Defendant Timothy McCarthy's First Request For Admissions.

Plaintiff's responses to Request Nos. 12, 13 and 14 are identical.  Each response states, "Plaintiff lacks sufficient knowledge or information to admit or deny the request although he has already made and continues to make a reasonable inquiry concerning the information which he knows is readily available."  These responses are spurious in that Requests 12, 13 and 14 asked whether the plaintiff was aware of certain facts.  The plaintiff is either aware of those facts or he is not.

Please provide proper responses to these requests to admit no later than March 15, 2014 so that we can be prepared for the next session of Mr. McGreal's deposition scheduled for March 25, 2014.

*Michael J Wall*

Michael J. Wall

MJW:ap
cc:  All Counsel of Record

Letter to John DeRose
March 4, 2014
Page 2

bcc:    T. McCarthy via email

LAW OFFICES

# ROTHSCHILD, BARRY & MYERS LLP

A LIMITED LIABILITY PARTNERSHIP
150 S. WACKER DRIVE, SUITE 3025
CHICAGO, ILLINOIS 60606
(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

September 3, 2014

**Via Email & U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

> Re:  *McGreal v. McCarthy*
> Case No.  12  cv  5135

Dear Mr. DeRose:

On November 18, 2013 the plaintiff was served with the following requests to admit from defendant James Bianchi:

Request No. 3.  Plaintiff is unaware of any role of James Bianchi in determining the nature of any pre-termination hearing for Plaintiff.

Request No. 4.  Plaintiff has no knowledge that James Bianchi disclosed any information to the City of Joliet concerning Plaintiff's employment with the Village of Orland Park.

Request No. 5.  Plaintiff has no knowledge that James Bianchi disclosed any information to the City of Mokena concerning Plaintiff's employment with the Village of Orland Park.

Request No. 6.  Plaintiff has no knowledge that James Bianchi disclosed any information to any person after June 27, 2010 concerning Plaintiff's employment with the Village of Orland Park.

Request No. 7.  James Bianchi did not make the decision to discharge Plaintiff.

Request No. 8.  Plaintiff has no knowledge that James Bianchi made the decision to discharge Plaintiff.

Request No. 9.  Plaintiff has no knowledge that James Bianchi participated in the decision to discharge Plaintiff.

Request No. 12.  Plaintiff is unaware of any action taken by James Bianchi after June 27, 2010 to disclose any information about Plaintiff to any prospective employer of Plaintiff.

Plaintiff answered each of those Requests with the statement that he could not admit or deny the request until the depositions were completed.  Now that fact discovery is about to close, please provide an admission or denial to each of those requests as required by the Rules.  I am also requesting pursuant to Rule 26(e)(1)(A) that plaintiff now supplement his answers to Requests To Admit Nos. 1, 2, 10 and 11.  These issues were addressed in a letter that I sent to you on February 10, 2014.  A copy of that letter is attached.

On November 18, 2013 the plaintiff was also served with the First Set Of Interrogatories from defendant James Bianchi.  Interrogatory No. 1 asked the plaintiff to:

> Identify all acts and omissions taken by Bianchi that occurred after June 27, 2010, which Plaintiff claims support any of the claims made against Bianchi in the Second Amended Complaint and state the date of each such act and omissions.

The plaintiff's response to this interrogatory did not state the dates of the matters listed in the response.  As you know, the date of June 27, 2010 is a critical date in this matter.  Please provide the dates of each of the matters listed in the response to Interrogatory No. 1.

Michael J. Wall

MJW:ap
cc:      All Counsel of Record      (via email only)

bcc:       Timothy McCarthy        (by email only)
           James Bianchi           (by email only)

# ROTHSCHILD, BARRY & MYERS LLP

A LIMITED LIABILITY PARTNERSHIP
150 S. WACKER DRIVE, SUITE 3025
CHICAGO, ILLINOIS 60606
(312) 372-2345

Michael J. Wall
(312) 580-3330 Direct
(312) 344-2730 Facsimile
wall@rbmchicago.com

September 3, 2014

**Via Email & U.S. Mail**
John P. DeRose  john@johnderoselaw.com
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, IL  60521

> Re:   *McGreal v. McCarthy*
>        Case No.  12  cv  5135

Dear Mr. DeRose:

On December 12, 2013 the plaintiff was served with the following requests to admit, among others from defendant Timothy J. McCarthy:

**REQUEST NO. 12:**

Plaintiff is unaware of any information disclosed to the City of Joliet regarding plaintiff's employment with the Village of Orland Park that was not encompassed by or contemplated under the terms of Exhibit E attached hereto.

**REQUEST NO. 13:**

Plaintiff is unaware of any information disclosed to the City of Mokena regarding plaintiff's employment with the Village of Orland Park that was not encompassed by or contemplated under the terms of Exhibit F attached hereto.

**REQUEST NO. 14:**

Plaintiff is unaware of any present or former Village of Orland Park Police Officer who had a negative disciplinary record equal to or greater than Plaintiff.

Plaintiff gave the same response to each of those requests. The response was:

> Plaintiff lacks sufficient knowledge or information to admit or
> deny the request although he has already made and continues to
> make a reasonable inquiry concerning the information which he
> knows is readily available.

I wrote to you about these responses on March 4, 2014. A copy of that letter is attached.

Now that fact discovery is about to close, I am requesting pursuant to Rule 26(e)(1)(A) that the plaintiff supplement his responses to these requests and produce any relevant information that he has obtained since the original responses were served.

Pursuant to Rule 26(e)(1)(A), I am also requesting that the plaintiff promptly supplement his responses to the interrogatories and requests to produce served on behalf of defendant Timothy J. McCarthy. Attached is a copy of a letter that I sent to you on February 10, 2014 regarding the shortcomings in plaintiff's answers to McCarthy's interrogatories.

Michael J. Wall /ap

Michael J. Wall

MJW:ap
cc:    All Counsel of Record        (via email only)

Letter to John DeRose
September 3, 2014
Page 3

---

bcc:      Timothy McCarthy      (by email only)

# EXHIBIT 10

JOSEPH S. McGREAL,      )
           )
    Plaintiff,      )
           )
v.           )    Case No. 12 C 5135
           )
THE VILLAGE OF ORLAND PARK,   )    Judge Joan H. Lefkow
TIMOTHY MCCARTHY, PATRICK    )
DUGGAN AND JAMES BIANCHI,    )    Magistrate Sidney I. Schenkier
           )
    Defendants.    )

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

Defendants, VILLAGE OF ORLAND PARK ("Village") and Orland Park Police Department ("OPPD") Lieutenant PATRICK DUGGAN, by and through their attorneys, KLEIN, THORPE AND JENKINS, LTD., and Defendants, OPPD Chief of Police TIMOTHY MCCARTHY ("McCarthy") and former OPPD Lieutenant JAMES BIANCHI, by and through their attorneys, ROTHSCHILD, BARRY & MYERS, L.L.P. (collectively the "Defendants"), state for their response in opposition to the plaintiff, JOSEPH MCGREAL's ("McGreal") Motion to Reconsider With Supporting Caselaw ("motion to reconsider"):

### Introduction

On September 23, 2013, the plaintiff filed a second amended complaint against the Defendants (the "Complaint") that alleged his employment as an Orland Park police officer was terminated without a proper pre-termination hearing in violation of his Fourteenth Amendment due process rights (Count I) and in retaliation for his union activities in violation of his First Amendment rights to freedom of association (Count II) and speech (Count III). McGreal further alleged a *Monell* policy claim against the Village based on McCarthy's purported failure to

supervise and train adequately the police officers under his command (Count IV). The Complaint also alleged state law tort claims for interference with advantageous business relationships (Count V) and intentional infliction of emotional distress (Count VIII). McGreal alleged the Village was vicariously liable for the state law claims against the individual OPPD defendants (Count VI) and that it was required to indemnify the police officers for any judgments entered against them (Count VII).

On March 24, 2015, the Defendants filed a summary judgment motion asking the Court to dismiss the Complaint entirely. The Court issued an *Opinion and Order* on April 15, 2016 that granted the Defendants' motion and dismissed all the counts in the Complaint. McGreal now asks the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to reconsider and vacate its summary judgment ruling solely with regard to his First Amendment retaliation claims.[1]

The plaintiff's motion fails to meet any of the criteria that would justify this Court granting his motion to reconsider. McGreal's arguments, such as they are, consist of the same facts and exhibits found in his response to the Defendants' motion for summary judgment, even repeated in the same order as offered in his Rule 56.1(b)(3)(C) Statement of Undisputed Material Facts #220-2. Thus, the motion should be denied as meritless.

McGreal also fails to comply with the Local Rules of the United States District Court for the Northern Division of Illinois by failing to file a notice of date of presentment for his motion to reconsider. Judge Norgle, in a similar situation related to a motion for reconsideration that was not timely presented to the Court, stated as follows:

> Pursuant to Local Rule 5.3(b), "[e]very motion . . . shall be accompanied by a notice of presentment" and "[t]he date of presentment shall not be

---

[1] McGreal makes no mention in his motion of the Court's ruling granting the Defendants summary judgment on Counts I, IV, V, VI, VII and VIII.

more than 14 days following the date on which the motion or objection is delivered to the court." N.D. Ill. LR 5.3(b). Because Plaintiff failed to comply with Local Rule 5.3(b), and to date has failed to serve notice of a date of presentment, the motion is denied. N.D. Ill. LR 78.2 ("Where the moving party . . . delivers a motion . . . without notice required by LR 5.3(b) and fails to serve notice of a date of presentment within 14 days of delivering the copy of the motion . . . as provided by LR 5.4, the court may on its own initiative deny the motion. . . .").

*Adelson v. Ocwen Financial Corp., et al.*, 2014 WL 9954174. Here, McGreal filed his motion to reconsider on April 28, 2016. To date, McGreal has not filed and served a notice of presentment of his motion to this Court. This obvious lack of compliance with LR 5.3(b) provides an additional reason for denying the plaintiff's motion to reconsider.

I. **McGreal Does Not Contest The District Court's Ruling That He Failed To Comply With Local Rule 56.1 In His Summary Judgment Motion Submissions**

This Court made the following rulings in its *Opinion and Order*: "Preparation of this opinion has been made particularly difficult by plaintiff's counsel's failure to comply with Local Rule 56.1 in preparing and responding to statements of material facts" and "Frankly, the motion could have been granted by simply rejecting plaintiff's Local Rule 56.1 submissions." *Opinion and Order*, Document # 239 at 3, 4. The plaintiff devotes two pages of his motion to reconsider to a *mea culpa* in which he admits his failure to follow the *Malec v. Sanford*, 191 F.R.D. 581 (N.D.Ill. 2000), guidelines . This concession alone provides a sufficient basis to deny McGreal's motion to reconsider. "Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chicago School Reform Bd. Of Trusess*, 233 F.3d 524, 527 (7th Cir. 2000). See also *Boss v. Castro*, 816 F.3d 910, 914.(7th Cir. 2016) "The district court's discretion to require strict compliance with Local Rule 56.1 has been upheld time and again.").

## II.   The Requirements Governing A Rule 59(e) Motion For Reconsideration

For McGreal to prevail on his Rule 59(e) motion to reconsider, he must either present newly discovered evidence or establish a manifest error of law or fact. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is not indicated by the losing party's disappointment; rather, "[i]t is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Insurance Company*, 224 F.3d at 666. A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures . . . or advance arguments that could and should have been presented to the district court prior to judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Nor should a Rule 59(e) motion be used to "rehash" arguments previously rejected by the district court. *Vesely v. Armslist LLC*, 762 F.3d at 666 (7th Circuit affirms denial of Rule 59(e) motion where the plaintiff simply incorporated previously offered arguments); *Reed v. Allied Waste Transportation, Inc.*, 621 Fed.Appx. 345, 348 (7th Cir. 2015) (Appellate Court does not find abuse of discretion in the denial of a Rule 59(e) motion when the plaintiff "used the motion for reconsideration to rehash arguments the district court already had rejected"). The narrow circumstances that allow for a motion for reconsideration to be granted, do not exist on the record or arguments offered by the plaintiff.

## III.   McGreal Fails To Meet The Requirements For A Successful Motion To Reconsider

The Court noted in its opinion that to survive summary judgment on a 1st Amendment retaliation claim, a plaintiff must demonstrate that "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor." *Opinion and Order*, Document # 239 at 13 (quoting *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012) (citing *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006),

*see also Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014); *Peele v. Burch*, 722 F.3d 956, 959 (7th Cir. 2013). Only the causation element was challenged by Defendants' summary judgment motion. With regard to causation, the Court indicated that a First Amendment plaintiff must show the defendant knew about the constitutionally protected speech, "[T]o establish that a defendant retaliated against a plaintiff because of a protected constitutional right, a plaintiff must demonstrate that the defendant knew of the retaliation and knew of the plaintiff's constitutional activities." *Opinion and Order*, Document # 239 at 14, citing to *Stagman v. Ryan*, 176 F.3d 986, 999 (7th Cir. 1999); *see also O'Connor v. Chicago Transit Authority*, 985 F.2d 1362, 1370 (7th Cir. 1993) ("Allegedly protected speech cannot be proven to motivate retaliation, if there is no evidence that the defendants knew of the protected speech."); *Malec*, 191 F.R.D. at 589 ("Because [the plaintiff] has produced no evidence that these defendants knew about his allegedly protected activities, he cannot, as a matter of law, establish a triable issue of a First Amendment violation )."

### A.    McGreal Presents No New Evidence That Shows The Defendants Did Know About His Constitutionally Protected Activities

McGreal does not identify any new admissible evidence which shows that a material issue of fact is in dispute, particularly on the critical point that the individual Defendants did not know of his alleged November 2, 2009 presentation to the Village Board. He simply recycles documents he used in his summary judgment submissions and burdens the court with a motion containing 49 footnotes, and which exceeds the length permitted by LR 7.1. The footnotes in the motion refer to almost 100 exhibits, all of which were filed before with his response to the motion for summary judgment. The Court already has considered these materials and determined they fail to create a triable issue related to the Defendants' knowing that the plaintiff exercised his First Amendment rights prior to the investigations into his on-the-job conduct. McGreal

proclaims that the Defendants' lack of knowledge about his constitutionally protected activities "is disputed by the many documents gathered in this case." *Motion To Reconsider*, Document # 241 at 9. The plaintiff, however, fails to point the Court to a single document that demonstrates the Defendants knew about his alleged presentation to the Village Board of Trustees on November 2, 2009.

McGreal's assertions are speculative. He claims that "statements" in the documents show the "true motives of the defendants" but he does not have a single, relevant statement from any defendant to cite to the court for it to base a reversal of its decision on the defendants' motion for summary judgment. The Seventh Circuit has ruled that speculation cannot be used to defeat a summary judgment motion. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("This disagreement centers on the parents' speculation about the school's retaliatory motives. But, '[i]t is well-settled that speculation may not be used to manufacture a genuine issue of fact.'") (citation omitted); *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion."). The speculative nature of McGreal's presentation is exacerbated by his failure to even provide any argument or analysis demonstrating how his recycled documents show the Defendants did know about his protected speech.

McGreal's chief argument in his motion to reconsider is that "suspicious timing" between his November 2, 2009 presentation to the Village Board and investigations into his conduct reveals the Defendants' retaliatory motives. *Motion to Reconsider*, Document # 241 at 6-11. Yet, the Court noted in its ruling that, "[a]pplied to McGreal's First Amendment claim these principles demonstrate that, because McGreal cannot show that the defendants knew of the protected speech until *after* McCarthy initiated disciplinary investigations that led to discharge,

he cannot survive summary judgment based on suspicious timing." *Opinion and Order*, Document # 239 at 15.

McGreal's argument that the discipline he received was suspiciously close in time to his alleged meeting with the Village Board is all that he offers in the motion to reconsider, and this assertion alone is not enough. McGreal offers no new evidence that indicates that the Defendants did know about his protected speech prior to disciplinary investigations into his conduct. Further, he provides no new caselaw that modifies or overturns the Seventh Circuit position that a plaintiff who cannot show that defendants knew of constitutionally protected activity cannot overcome summary judgment with a suspicious timing argument. Therefore, McGreal cannot prevail on his rule 59(e) motion based on newly discovered information not available when the parties engaged in summary judgment practice.

**B.    McGreal Fails To Demonstrate The Court Granted The Defendants Summary Judgment On His First Amendment Retaliation Claims Due To A <u>Manifest Error Of Law Or Fact</u>**

McGreal could prevail on his Rule 59(e) motion by showing the Court committed a manifest error of law or fact in granting the Defendants summary judgment on his First Amendment retaliation claims. For that McGreal must demonstrate that the Court engaged in wholesale disregard, misapplication or failure to recognize controlling precedent to prove manifest error. This he fails to do.

McGreal never identifies any controlling Seventh Circuit caselaw regarding First Amendment retaliation that the Court ignored, misapprehended or misapplied in its summary judgment decision. Specifically, the motion to reconsider provides no argument that the Court committed manifest error in its conclusion that McGreal's failure to offer evidence that the Defendants knew about his protected speech activity meant, as a matter of law, that he could not

ward off summary judgment on his First Amendment retaliation claim. For this reason, McGreal's Rule 59(e) cannot succeed.

As discussed above, McGreal's fundamental argument in his motion to reconsider is suspicious timing of the investigations into his conduct after his presentation to the Village Board on November 2, 2009 that led to his discipline. Tellingly, McGreal never disputes that the events occurred which prompted the Department to investigate his conduct and the Court has ruled that it would not second-guess the discipline the plaintiff received. *Opinion and Order*, Document # 239 at 16. McGreal never argues in his motion to reconsider that the Court's decision in this regard amounted to manifest error. Moreover, he still does not establish in any way that the reasons given for his termination were pretextual and not based on the honestly and reasonably held beliefs of the defendants. He just never tires of arguing that he was right and they were wrong to judge his conduct as they did.

McGreal also complains in both his summary judgment submissions and the motion to reconsider that he was disciplined more severely than other Orland Park Police Department officers. According to the plaintiff this discrepancy with comparators evinces the *animus* that motivated the Defendants to retaliate against him for his protected speech activity. *Motion To Reconsider*, Document #241 at 20. McGreal cites to a spreadsheet attached to his motion as evidence supporting his contention. *Id*. Yet, the Court rejected this same spreadsheet as being inadequate to establish comparators in its summary judgment ruling, stating: "[t]he spreadsheet, however, even if received in evidence, does not identify a similarly situated officer or show unequal treatment for equal transgressions." *Opinion and Order*, Document # 239 at 15, footnote 19. The plaintiff never argues that the Court's rejection of his comparator evidence represented a manifest error, or even addresses the question.

The rhetoric of McGreal's motion to reconsider works against him as well. At one point, plaintiff goes out of his way to compliment the "fairness, patience, and thoroughness with which the Court treats all litigants in the many cases commanding her attention." *Motion To Reconsider*, Document # 241 at 5. Shortly thereafter, McGreal acknowledges that, "the Court has already patiently and thoroughly considered and analyzed the arguments of plaintiff's counsel." *Id.* at 6. Having affirmed the Court's thoroughness, fairness and patience in evaluating – and rejecting – the plaintiff's arguments opposing summary judgment, McGreal must explain how the Court's ruling in favor of the Defendants resulted from manifest error. The plaintiff makes no attempt in his motion to do so. Therefore, his Rule 59(e) motion should be denied.

## Conclusion

The 7th Circuit has expressed clear governing requirements for Rule 59(e) motions to reconsider. The plaintiff meets none of these standards. Rather, McGreal's motion recycles and rehashes old arguments and materials the Court earlier analyzed, evaluated and rejected. His motion to reconsider is no different from that described by the Seventh Circuit in *Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) where the Seventh Circuit said that "the plaintiffs simply took the opportunity to reargue the merits of their cases." McGreal's motion represents the self-indulgent complaints of a disappointed litigant, and it should be denied by this Court.

**WHEREFORE,** for all the above-stated reasons, the Defendants respectfully request that the Court enter an order denying the plaintiff's motion to reconsider and granting any additional relief it deems just and fair.

Respectfully submitted,

VILLAGE OF ORLAND PARK, PATRICK DUGGAN, TIMOTHY MCCARTHY and JAMES BIANCHI

By: /s/ Allen Wall

/s/ Michael J. Wall

Lance C. Malina
Allen Wall
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400

Michael J. Wall
Alan S. Madans
ROTHSCHILD, BARRY & MYERS,LLP
150 South Wacker Drive, Suite 3025
Chicago, Illinois 60606
(312) 372-2345