IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. McGREAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 cv 05135 |
| | ) | |
| THE VILLAGE OF ORLAND PARK, an Illinois | ) | Hon. Joan Humphrey Lefkow, |
| Municipal Corporation and a body politic, and | ) | Judge Presiding. |
| Chief of Police TIMOTHY McCARTHY, | ) | |
| Individually, Lieutenant PATRICK DUGGAN, | ) | Hon. Sidney I. Schenkier, |
| Individually, and Lieutenant JAMES BIANCHI, | ) | Magistrate Judge. |
| Individually, | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR AWARD OF ATTORNEYS' FEES**

Defendants Village of Orland Park and Patrick Duggan, by their attorneys Lance Malina and John Allen Wall of Klein, Thorpe and Jenkins, Ltd., and defendants Timothy J. McCarthy and James Bianchi, by their attorneys Michael J. Wall and Alan S. Madans of Rothschild, Barry & Myers LLP, state for their Reply in Support of Their Motion for Award of Attorneys' Fees:

**Plaintiff's Response Failed to Address the Record**

The defendants' Motion is simply based on the facts in the record, particularly what the plaintiff knew, and what his counsel should have known before this lawsuit was filed and certainly did know after the plaintiff's deposition was taken. Through the extensive arbitration and discovery proceedings that occurred before this lawsuit was filed, plaintiff saw everything that he needed to see in order to evaluate the reasonableness of his claims. All of that was also available to plaintiff's counsel. Yet they proceeded with this case in spite of that record and they still refuse to accept it, much less even acknowledge it in their response to the Motion. Instead, they repeat the same allegations that never did supply all the foundation required for the claims

they have stubbornly made. Even now they continue to advance those claims by filing an appeal of this matter to the Seventh Circuit, No. 16-2365. Defendants are entitled to their attorneys' fees when a civil rights claim is unreasonable or vexatious, and when such a claim is brought or continued in bad faith there is "an even stronger basis for assessing the defendant's attorney's fees." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978).

The defendants' motion does not assert that the plaintiff should have pleaded additional facts in his complaints. And they are not arguing that because summary judgment was granted in their favor they are entitled to their attorneys' fees. That is not the standard that the defendants are relying upon. The defendants' motion is based on the record that everybody had in hand before this case was filed and the fact that plaintiff proceeded in the face of it, and then well beyond that point. That is what entitles the defendants to an award of fees here. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The defendants' Motion gave plaintiff the opportunity to demonstrate that the Court's findings regarding the factual shortcomings of the plaintiff's case were incorrect. But instead he argues the uncontested points that First Amendment rights are important and should be protected, and that a public employee has a right to speak publicly on a matter of public concern. Nowhere in the response, however, does plaintiff address the record of his on-the-job conduct which caused his firing, other than to spuriously assert that as to him "a negative employment history as a law enforcement officer in the village of Orland Park does not and never did exist." (Response, pg. 10) Thus, even now plaintiff refuses to accept what the record states in black and white and that his speech was not the cause of his termination.

Plaintiff claims that he needed the lawsuit for the discovery rights that it provided, but he does not point to a single fact he could have reasonably hoped to acquire through that discovery

and which would have given him a foundation for his claims. For the same reason, his claim that plaintiff's discovery requests were made in good faith cannot be believed, even if one could overlook the multitude of his repetitive and extensive discovery demands. His persistent claim of suspicious timing is blatantly false because of the facts in his disciplinary record that existed before the time of his alleged First Amendment speech.

  The plaintiff's comparison of the fee agreement of plaintiff's counsel to the fee agreement of the defense counsel is telling. Plaintiff's counsel states that he "appreciates the unsettling condition that must be experienced by a defendant named in a federal civil rights suit." The honesty of this cannot be believed because plaintiff included allegations of intentional wrongdoing against the individual defendants, which exposed their personal assets and professional reputations to substantial harm. Even though the plaintiff has lost on his claims, his accusations against the defendants will forever survive on the record, while his complained-of damage to his reputation was his own doing. Moreover, while plaintiff's counsel says that he "has accepted the possibility that he may well receive no compensation for years of work," the defendants had no choice but to incur the enormous costs required to defend this case. The unprofessional assertion that defense counsels in this case have placed their financial interests above their clients' interests is simply false and repulsive. The suggestion that a frivolous lawsuit should be tolerated because it generated fees for defense counsel proves the misguided mindset that led to the filing of this case.

  Plaintiff's response talks about his First Amendment claims and briefly mentions his claim of intentional infliction of emotional distress. He fails to even acknowledge that he brought other claims, each of which had no foundation. When the defendants filed their motion for summary judgment he simply abandoned his due process claims and utterly failed to support

his tortious interference claims, both of which occupied major portions of these proceedings. When claims are made without a *reasonable* belief in their validity they have not been asserted in good faith. "Fee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees." *Fox v. Vice*, 563 U.S. 826, 835 (2011).

This is a case with facts strikingly similar to those in *Kennedy v. McCarty,* 803 F.Supp. 1470 (S.D. Ind. 1992), where the plaintiff police officer was terminated and sued the chief of police and the city under § 1983, claiming violations of his due process and First Amendment rights. The court awarded attorneys' fees to the defendants because at the time the case was filed "Plaintiff had complete knowledge of the facts upon which his claim rested because he was the primary actor in the relevant events." *Id*. at 1478. The court also found that the plaintiff was motivated by his personal view of how the police department should be run, just as McGreal has persisted here. *Id*. at 1477. And just because a plaintiff strongly believes in his cause, he is not entitled to pursue it regardless of its legal foundations. *Id*. at 1479, n.3.

Plaintiff claims that the defendants cannot support their claim that this was a frivolous lawsuit because "the allegations of this complaint are serious." That, of course, completely misses the point and only reinforces why the motion should be granted. The serious allegations made here against the defendants, which exposed them to great personal risk, needed to have substantial foundations which did not exist. To hold otherwise would mean that every person who suffers an injury could sue without regard to the factual merit of the claim, and without fear of consequences, merely because the person was vindicating important rights *if* their claim were factually sound.

**Conclusion**

For the reasons stated above and in the defendant's motion for award of attorneys' fees, the Court should grant the motion and set a schedule for the submission of the materials supporting the amount claimed due.

Respectfully submitted,

VILLAGE OF ORLAND PARK, PATRICK DUGGAN, TIMOTHY MCCARTHY and JAMES BIANCHI

By: /s/ Lance C. Malina

/s/ Michael J. Wall

| | |
|---|---|
| Lance C. Malina | Michael Wall |
| KLEIN, THORPE AND JENKINS, LTD. | ROTHSCHILD, BARRY & MYERS LLP |
| 20 North Wacker Drive, Suite 1660 | 150 South Wacker Drive, Suite 3025 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| (312) 984-6400 | (312) 372-2345 |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 28, 2016, I caused a copy of the foregoing Defendants' Reply in Support of Their Motion for Award of Attorneys' Fees to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/   Michael J. Wall