IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. McGREAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   12 cv 05135 |
| | ) | |
| THE VILLAGE OF ORLAND PARK, an Illinois | ) | Hon. Joan Humphrey Lefkow, |
| Municipal Corporation and a body politic, and | ) | Judge Presiding. |
| Chief of Police TIMOTHY McCARTHY, | ) | |
| Individually, Lieutenant PATRICK DUGGAN, | ) | Hon. Sidney I. Schenkier, |
| Individually, and Lieutenant JAMES BIANCHI, | ) | Magistrate Judge. |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**MOTION AND STATEMENT
IN RESPONSE PURSUANT TO LOCAL RULE 54.3(E) AND (F) TO
ORDER ASSESSING RULE 11 SANCTIONS AGAINST ATTORNEY DEROSE**

Now comes John P. DeRose, Attorney of Record in the above-captioned cause and, pursuant to Local Rule 54.3(e) and (f) as required by the order of this Honorable Court entered assessing Rule 11 Sanctions against him, moves and responds as follows:

**INTRODUCTION**

Although U.S. District Court Rules N.D.Ill., LR 54-3 (a) specifically provides, "[u]nless otherwise ordered by the court, this rule does not apply to motions for sanctions under Fed.R.Civ.P. 11 or other sanctions provisions", and since this Honorable Court has ordered[1] the parties "to proceed according to Local Rule 54.3(d)-(g)", the parties conferred extensively and shared a draft of a JOINT STATEMENT PURSUANT TO LR 54.3(e) and (f).  Because Attorney DeRose is moving this Honorable Court to vacate its order sanctioning and assessing fees against him, and although he and defense counsel had exchanged a draft of the joint

---

[1] Opinion and Order, Document #: 286, pp. 9-10.

1

statement last evening, he had declined defense counsel's invitation to file the Joint Statement, and instead indicated that he would file the instant Motion and Statement. Now however, out of an abundance of caution and pursuant to the order of the Court to follow Local Rule 54.3 (e) regarding the Joint Statement, Attorney DeRose attaches the draft of the Joint Statement[2] drafted in consort and exchanged with counsel for the defendant last evening.

Attorney DeRose asks the Court to consider the instant Motion and Statement which contains additional information, citation, and argument not contained in the Joint Statement coming.

## THE RELEVANT FACTS

### A. Records Belie Defendants Billings as Exaggerated and Excessive

1.  Attorney John P. DeRose (hereinafter simply referred to as "Attorney DeRose") contends that the hours recorded by each of the defense attorneys involved in the above matters were unnecessary, redundant, and duplicative of each other's work.

2.  Attorney DeRose points out that the Time Records of defense counsel originally submitted to him on October 18, 2017 pursuant to this Honorable Court's Order were different and more voluminous, and defendants claimed they were entitled to "$83,433 ($53,445 in attorneys' fees to defendants McCarthy and Bianchi and $29,988 in attorneys' fees to defendants Village of Orland Park and Dugan)."

3.  The overlapping, duplicative, and redundant Contemporaneous Time Records of the five different (5) attorneys seeking the sanction award for working on the same Reply to the Motion for Summary Judgment betrays their excessiveness and failure to mitigate their own

---

[2] The original draft of the Joint Statement drafted in consort, between Atty. DeRose and Attorney Michael J. Wall, is attached hereto and made a part hereof as Exhibit 1.

costs. See *Noga v. Kimco*, No. 96 C 6108, 1998 WL 9127, at *4 (N.D.Ill. Jan.6, 1998), holding that a court awarding sanctions also must consider whether the petitioning party adequately mitigated its own legal costs.

4. For comparison sake, Attorney DeRose attaches a copy of his Contemporaneous Time Records[3] kept in the cause in preparing Plaintiff's Response to Defendants' Motion for Summary Judgment and which he has shared with defense counsel indicating that he spent a total of 187.10 hours drafting Plaintiff's Response to Defendants Motion for Summary Judgment.

5. There were no fees billed or charged by Attorney DeRose to the client because he was being represented on a contingency fee basis in his civil rights case that Attorney DeRose in good faith believed was meritorious and plaintiff would prevail.

6. Pursuant to LR 54.3(e)(2), after considering the merits of the instant Motion and Statement, if this Honorable Court determines that defendants should receive fees as a sanction, Attorney DeRose respectfully suggests that such amount be reduced to more reflect the amount of time plaintiff's counsel spent on his Response to the Motion for Summary Judgment as opposed to the many hours charged by defense counsel for the redundant work done by so many of them in the Reply to the Motion for Summary Judgment.

7. The Seventh Circuit Court of Appeals has taught that the trial court should impose the least severe sanction that is adequate to serve the purpose said to be achieved. *Anderson v. County of Montgomery,* 111 F.3d 494, 502 (7th Cir.1997).

8. The Court may consider equitable factors in exercising its discretion in awarding a sanction against Attorney DeRose. See *Brown v. Federation of State Medical Boards of U.S.*,

---

[3] The Contemporaneous Time Records kept by Attorney DeRose in preparing Plaintiff's Response to Defendants' Motion for Summary Judgment, attached hereto and made a part hereof as Exhibit 2.

830 F.2d 1429, 1439 (7th Cir.1987). If citizens who believe that their civil rights have been violated cannot secure representation through a contingency fee arrangement with an attorney, it is most probable that such rights will never be vindicated. As the court noted[4], Attorney DeRose often represents different civil rights clients for years and receives no compensation whatsoever. Admittedly, Attorney DeRose is getting "somewhat long in the tooth", but he hopes to still be able to litigate on behalf of civil rights clients for some time to come. Frankly, too large a sanction may well deter him from pursuing the representation of clients under such an arrangement in the future. Compare the holding by Magistrate Judge Denlow in *Moline v. Trans Union, LLC*, 222 F.R.D. 346, 352 (N.D.Ill. 2004).

### B. The Offer to Settle

9. Because of the vagaries of further litigation in the matter, Attorney DeRose has offered $15,000 to settle the cause, with the *proviso* that he will not be able to pay this amount until he receives the settlement funds in either of the civil rights contingency fee cases he has recently won, but the offer was refused.

### C. Judgment Was Employed in Voluntarily Dismissing Certain Defendants

10. It is important to note that in good faith consultation with his client after the completion of discovery, evaluating the evidence, and without the need of any summary judgment procedure whatsoever, Attorney DeRose voluntarily dismissed defendants Thomas Kenealy, Patrick Duggan, Joseph Mitchell, Anthony Farrell, and Scott Malmborg from the above caption cause.

11. But the case went forward against the moving defendants. See *Lena v. Cach, LLC*, Case No. C 01805, at*4, (N.D.Ill. 2015), wherein Judge Tharp stated:

---

[4] Opinion and Order, Document #: 286, p. 8, footnote 7.

> Filing a **complaint** requires only a **good faith** belief that the claim is legitimate; there is nothing deceptive about being unable to prove that claim at the time it is filed—or at trial, for that matter. Nor is it deceptive to file a **good-faith** claim in the hope that initiating a lawsuit will convince an opposing party to settle the dispute. (Internal citation omitted. Bold in the original).

### D. Seventh Circuit Precedent Ignored

### 1. The Emails and Letters from Defense Counsel

12. As noted in the email exchange between Attorney Michael J. Wall and Attorney DeRose on June 14, 2017 concerning a meeting at DeRose's office on June 6, 2017 which was also attended by Attorney John Allen Wall and plaintiff, Attorney Michael J. Wall wrote:

> As I have advised you, we will be filing motions seeking reimbursement from you and Mr. McGreal for all of these fees and expenses. Please let me know ASAP if you and/or your client are going to agree to the payment of all, or any of these charges, or if you have any specific objections to any of the entries or the rates charged. When we met in your office on June 6 you said that it was likely that you would hold off on any response until the motions were filed, and then file your responses to those motions. Please let me know if that is still your intention.

Attorney DeRose responded:

> Case costs are not paid by counsel for a party. They are paid to the prevailing party by the party who has not succeeded as long as they are validly incurred and so ordered by the court. As we discussed the other day, you will have to file your motion before the court and we will be given the opportunity to review those costs for which you seek reimbursement, we will determine if those case costs are appropriate or we should file an objection to any or all of them.

Exhibit 1 to DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES [Doc.#284-1].

13. The following day, June 15, 2016 Attorney Michael J. Wall sent a letter to Attorney DeRose which concluded on Page 2:

> Finally, we told you that despite your adamant position we would be providing to you the information required by the Local Rules, in connection with our motions. You said at that time that you may or may not respond to what we send to you. Subsequently on June 14,

5

>2016, you and I had an exchange of emails in which you informed me that you definitely would not be responding to whatever we sent you and that you would withhold any response until our motions were filed….

Exhibit 3 to DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES [Doc.#284-1].

14. It is respectfully submitted that the meeting at Attorney DeRose's office in June 2017 was intended to intimidate him and plaintiff from going forward with an appeal of this Honorable Court's grant of summary judgment.

15. Based on the facts in the instant case, the observation made by Judge Hamilton in the most recent case of *Riffner v. PNC Bank, N.A.*, 850 F.3d 880, 886 (7th Cir., March 10, 2017 seems most *apropos*:

>A letter may thus warn about impending service of the motion, but a letter is not a substitute for a motion.

16. The letters and email correspondence from defendants threatening to seek sanctions if they were not paid more than $500,000 in this case were not a substitute for an actual motion.

17. Attorney DeRose was indeed surprised by the Order of this Honorable Court awarding Rule 11 Sanctions against him in the above-captioned cause. [Doc.#286].

### 4. No Separate Motion for Sanctions

18. DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §1988 [Doc.#284] filed in this cause and seeking $540,000, included a section seeking an award of attorney's fees as sanction under Rule 11.

19. Contrary to Seventh Circuit precedent, defendants' Motion for Rule 11 Sanctions was contained in their motion for attorneys' fees. See *Riffner*, 850 F.3d, at 884 ("A motion for sanctions must be made separately from any other motion...").

### 5. Requirement That Sanction Motion Be Served in Advance of Filing

20. Federal Rule of Civil Procedure 11(c)(2) requires a party seeking Rule 11 sanctions to first serve a proposed motion on the opposing party and to give that party at least 21 days to withdraw or correct the offending matter.

21. Defendants never did serve a Rule 11 Motion for Sanctions on Attorney DeRose under Rule 5 and give him "at least 21 days to withdraw or correct the offending matter" before filing the proposed motion seeking sanctions in violation of Rule 11(c)(2). See *Riffner*, 850 F.3d at 884.

### 6. The Matter Was Terminated before Sanctions Were Imposed

22. Convinced in good faith that that there were triable issues and they would prevail before a jury, plaintiff and Attorney DeRose went forward with the appeal which was unsuccessful as this Honorable Court's grant of summary judgment for defendants was affirmed.

23. The case has been settled against plaintiff and Attorney DeRose from whom defendants now seek sanctions.

24. The *Riffner* court furthered ruled:

> "The court must not impose a monetary sanction:
> (A) against a represented party for violating Rule 11(b)(2); or
> (B) on its own, unless it issued the show-cause order under Rule 11 (c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned. *Id*., at 885.

### 7. No Warning Shot/Safe Harbor Procedure Followed

25. The *Riffner* court went on to explain the importance of following the provisions of Rule 11 exactly:

> One of the most important changes was to add the provision at issue in this appeal, the warning-shot/safe harbor procedure in rule 11(c)(2). The Advisory Committee will explained:

7

> The rule provides that request for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served… These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. *Id.*, at 886.

WHEREFORE, Attorney DeRose respectfully moves this Honorable Court to vacate its order assessing Rule 11 Sanctions against him and to terminate the case.

Respectfully submitted,

/s/ John P. DeRose
John P. DeRose

## CERTIFICATE OF SERVICE

I, John P. DeRose, an attorney, hereby certify that on the 8th day of December 2017 the that the foregoing MOTION AND STATEMENT IN RESPONSE PURSUANT TO LOCAL RULE 54.3(e) AND (f) TOORDER ASSESSING RULE 11 SANCTIONS AGAINST ATTORNEY DEROSE will will will will will will will and in and in and will electronically filed on December 8, 2017 and served on the attorneys of record who are recipients in the Federal Court's electronic filing system and by e-mailing same to the attorneys of record.

/s/ John P. DeRose
John P. DeRose

John P. DeRose & Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, IL 60521
(630) 920-1111 office
(630) 920-1170 fax
john@johnderoselaw.com