**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH S. McGREAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 cv 05135 |
| | ) | |
| THE VILLAGE OF ORLAND PARK, | ) | Judge Lefkow |
| TIMOTHY MCCARTHY, | ) | Magistrate Judge Schenkier |
| PATRICK DUGGAN, and JAMES BIANCHI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY ON DEFENDANTS' MOTION TO
SET AMOUNT OF ATTORNEYS' FEES TO BE AWARDED**

Defendants Village of Orland Park ("Village") and Patrick Duggan ("Duggan"), by their attorney John Allen Wall of Klein, Thorpe & Jenkins Ltd., and defendants Timothy McCarthy and James Bianchi, by their attorneys Michael J. Wall, and Alan S. Madans of Rothschild, Barry & Myers LLP, state for their Reply on their Motion to Set Amount of Attorneys' Fees to be Awarded ("Motion"):

1.      Defendants are filing this Reply to correct the misstatements of the record contained in Dkt. 289, the "Motion And Statement In Response Pursuant To Local Rule 54.3 (E) and (F) (sic) To Order Assessing Rule 11 Sanctions Against Attorney DeRose" filed by John DeRose ("DeRose"), and to address the arguments stated therein.

2.      DeRose attached to his filing as Exhibit 1 a document that he claims was "drafted in consort (sic), between Atty. DeRose and Attorney Michael J. Wall." See footnote 2, page 2 of DeRose's' filing. There was in fact no Joint Statement prepared because of DeRose's refusal to cooperate in creating one. As shown in Exhibit A to defendants' Motion, counsel for defendants sent a draft of a Joint Statement to DeRose on December 6, 2017. On December 7, 2017 DeRose

sent back an email with a different Joint Statement that he now represents to the court as being prepared jointly. DeRose's email, a copy of which is attached hereto as Exhibit 1, stated, "I am just finished. I am not sure if I should file a separate Response. Call me after we sleep on it." When defendants' counsel called DeRose the next morning, DeRose said that he had changed his mind and that he would not cooperate with the preparation of a Joint Statement because he was not required to do so. This was confirmed by an email, a copy of which was attached as Exhibit B to defendants' Motion. DeRose also admits that this was the position he took because he states in his filing that "he declined defense counsel's invitation to file the Joint Statement."

3.      The draft Joint Statement filed by DeRose does not comply with LR 54.3(e) because of DeRose's refusal to work on it. Most significantly, although requested to do so by defendants' counsel, DeRose never stated any specific objections to any of the entries on the time and billing records he was provided with by defendants' counsel. And, he still has not done that. In his filing he merely states a general objection that the hours recorded by defendants' counsel were "unnecessary, redundant and duplicative." With no reasoning offered, he asks the court to compare the hours of defendants' counsel to his hours spent on his responses to defendants' motion for summary judgment. His hours (Dkt. 289-2) are in fact substantially understated for they show his delegation of legal work to his client.

4.      DeRose does complain that the defendants' time records show that five attorneys worked on the matters in issue, but as explained in the Motion, that was necessary because in responding to the motion for summary judgment the plaintiff had made hundreds of allegations of "fact" asserting different and multiple claims against four different defendants. DeRose cites *Noga v. Kimco Corp.,* 1998 WL 9127 for the proposition that a party must mitigate its own legal costs,

but *Noga* also said that the duty is fulfilled by "appropriately tailoring the response" to the filings being addressed. (1999 WL 9127 *4) That was done by the defendants here.

5.      DeRose also misstates the record when he describes the amounts of the fees incurred by the various defendants. DeRose is simply confusing the various parts of the amounts incurred by the different defendants, as laid out in Exhibits C-E of defendants' Motion. DeRose also misstates the record when he claims that defendants threatened to seek sanctions if they were not paid more than $500,000. In the motion for attorneys' fees, the defendants informed the Court that the amount of fees that the defendants had *incurred* in this litigation was estimated to be $540,000, not including the fees incurred in McGreal's arbitration and the other litigation that he instituted. Because the motion for attorneys' fees was filed at the outset of plaintiffs' appeal, that amount also does not include the substantial amount of fees incurred by the defendants in defense of the appeal.

6.      DeRose asks the court to consider that he often represents civil rights plaintiffs and sometimes does not get paid, but he does not acknowledge that he was sanctioned by the Court, not because of the client he had but because he himself filed misleading and disingenuous statements and would not follow the rules of the Court. The irony is that he also would not cooperate on the Joint Statement, despite the fact that the applicable rule requiring him to do so was specifically brought to his attention. DeRose engaged in this same conduct in June of 2016 when defendants' counsel tried to comply with LR 54.3 before their motion for attorneys' fees was filed. DeRose now claims that defense counsel met with him at that time to intimidate him. In fact, that meeting was held because LR 54.3(d) required the parties to confer and attempt to agree in good faith before the defendants could file their motion for attorneys' fees. DeRose quotes parts of a letter that defendants' counsel sent after that meeting, but he leaves out the part of that letter

confirming DeRose's refusal to comply with the Rule at that time. A copy of that letter is attached hereto as Exhibit 2. It shows that DeRose took the same position then that he has taken here and that he still persists in cavalierly disregarding the rules and rulings of the courts.

7.      DeRose should not be allowed to now reargue the Court's ruling on the motion for attorneys' fees. The motion was fully briefed in June and July of 2016 and the Court ruled on it almost three months ago. DeRose filed a response to defendants' motion for attorneys' fees and argued the substance of the defendants' request for Rule 11 sanctions. (Docket #253). At no time before this last filing has DeRose argued any procedural issues and he has waived them. It is most ironic that DeRose now argues about procedure when he has refused all efforts of defendants' counsel to have the parties comply with LR 54.3(d). DeRose has not raised any facts that he could not have known of in July 2016 and he has not established any manifest error of law or fact by the court.

8.      DeRose's arguments that he was entitled to some kind of warning ignores the factual record that was attached to the motion for attorneys' fees. Unlike the facts in *Northern Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880 (7th Cir. 2017) relied on by DeRose, defendants' counsel had separately, repeatedly and clearly warned DeRose of the lack of factual merit in his claims. The Court's Order specifically cited to that part of the written record, which shows more than substantial compliance with the law of the Circuit. DeRose criticizes the procedures of the Court and the defendants but never offers an excuse for his blatant violations of the rules or why they should be overlooked.

9.      DeRose states, "The case has now been settled against plaintiff and Attorney DeRose." To be clear, the Orders of this Court and the Seventh Circuit represent the only

4

resolution of any issues in this case; there has been no settlement with the defendants by the plaintiff or DeRose.

WHEREFORE, Defendants pray that this Court award $66,191.75 as the attorneys' fees payable by John DeRose.

Respectfully submitted

_____/s/ Allen Wall_____

John Allen Wall (jawall@KTJLAW.com)
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400

Attorneys for Village of Orland Park
and Patrick Duggan

Respectfully submitted,

_____/s/Michael J. Wall_____

Michael Wall (mjw6250@gmail.com)
11700 Walnut Ridge
Palos Park, IL 60464
708-275-4845

Alan S. Madans (madans@rbmchicago.com)
ROTHSCHILD, BARRY & MYERS LLP
150 South Wacker Drive, Suite 3025
Chicago, Illinois 60606
(312) 372-2345

Attorneys for Timothy McCarthy and
James Bianchi

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on December 12, 2017, I caused a copy of the foregoing Reply to be filed and served electronically via the court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

    /s/   Alan S. Madans